## Garrett-Williamson Lodge.

*Appeals—Jurisdiction of Supreme and Superior Courts—Appeal from decree granting charter of the first class—Act of May 5, 1899, P. L. 248.*

An appeal from a decree granting a charter to a corporation of the first class, must be taken to the Supreme Court, and not to the Superior Court.

Appeal from decree of C. P. No. 4, Phila. Co., March T., 1911, No. 5,291, granting a charter to a corporation of the first class.

From the record it appeared that the appellee filed with the prothonotary of the Superior Court an objection to the jurisdiction of the court in accordance with sec. 11 of the Act of May 5, 1899, P. L. 248.

*John G. Johnson,* for the objection to the jurisdiction.— As no money value was involved but a mere right which cannot be measured in money, the Superior Court has no jurisdiction: Com. v. Masonic Home, 7 Pa. Superior Ct. 49; Brower v. Kantner, 9 Pa. Superior Ct. 94; Neubert v. Armstrong Water Co., 26 Pa. Superior Ct. 608.

While it is true the Superior Court has decided appeals

from decrees amending or granting ·charters, it appears that in each case no objection was made to the jurisdiction.

The Supreme Court has expressly taken jurisdiction of appeals of this nature. In Deutsch-Amerikanischer Volksfest-Verein, 200 Pa. 143, the Supreme Court reversed a decree of common pleas No. 1 of Philadelphia county, refusing an application for a charter under the Corporation Act of April 29, 1874, P. L. 73; and again in First Church of Christ, Scientist, 205 Pa. 543, affirmed the order of common pleas No. 4, refusing to approve a charter, and in Thiel College's App., 216 Pa. 630, affirmed the decree of the common pleas of Mercer county, dismissing a petition to amend a charter.

*Albert Smith Faught, Cyrus D. Foss, Jr.,* and *Owen J. Roberts,* contra.—The Superior Court since its creation has uniformly and exclusively exercised jurisdiction of review as by certiorari over the common pleas courts in the matter of approving and amending certificates of incorporation of charities: St. Joseph's Beneficial Society, 35 Pa. Superior Ct. 80; Polish National Catholic Church, 31 Pa. Superior Ct. 87; Philadelphia Lying-In Charity v. Maternity Hospital, 29 Pa. Superior Ct. 420; African M. E. Union Church, 28 Pa. Superior Ct. 193.

It is to be noted that there is no statutory appeal allowed in cases as to charters. This does not prevent the Superior Court from exercising supervisory jurisdiction as by certiorari, over proceedings in the common pleas court, in the same manner the supreme court exercised it prior to 1895: Thompson v. Preston, 5 Pa. Superior Ct. 154; Pittsburg Brewers' Bottlers' Supply Company's Mercantile Tax, 38 Pa. Superior Ct. 121.

PER CURIAM, October 00, 1912:

It is true as the cases cited by appellee's counsel show, that we have taken jurisdiction of appeals from decrees of incorporation of corporations of the first class, but where the objection to the jurisdiction has been raised in

due season we have declined to take jurisdiction of such cases. Inasmuch as the appeal in such case does not involve the possession or ownership of real or personal property or any right, the value of which can be measured in money, the objection to the jurisdiction of this court, if made in time, must prevail.

And now, to wit, October 14, 1912, the cause is certified at the cost of the appellant to the Supreme Court for hearing and decision.